IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

VS.                                            CR NO. 2:06CR58-WKW

SHAMONDA L. MUSHAT,
    Defendant.

## MOTION TO IMPOSE SENTENCE PURSUANT TO §5G1.3(b) OF THE FEDERAL SENTENCING GUIDELINES

COMES now the Defendant, **SHAMONDA LAQUEN MUSHAT**, and moves this Honorable Court to sentence the Defendant **CONCURRENT** with Montgomery County Circuit Court Case Number CC-2003-1452, pursuant to §5G1.3(b) of te Federal Sentencing Guidelines providing for Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment, and cites as grounds therefore as follows:

    1. Section 5G1.3(b) provides that, "If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.[1]

    2. The offenses for which the Defendant was charged in this court, were a series of and scheme of stolen checks and forged checks dating from mid to late 2003 and early 2004. She has plead guilty to one count of that indictment, however sentencing pursuant to the guidelines will consider as relevant conduct all of her offenses.

---

[1] Subsection (a) considers an offense **committed** while the defendant was serving imprisonment or after conviction but before commencing service of sentence.

3. The Circuit Court of Montgomery County, Alabama indicted the Defendant in Case CC-2003-1452 on November 7, 2003. The charge was for the Criminal Possession of a Forged Instrument, 2nd Degree concerning a check which was dated in July, 2003, to Winn Dixie for $300; and, in a second count, Theft of Property, 2nd Degree for taking property over $250 from Winn Dixie. (See Exhibit "A", Indictment attached).

4. On May 21, 2004, the Defendant was convicted following a jury trial of Criminal Possession of a Forged Instrument, 2nd and Theft of Property, 2nd. She was sentenced to 20 years in the State penitentiary on June 24, 2004, and begin serving her sentence on that date. She has remained incarcerated since that date. [2] (See Exhibit "B" and "C", Transcript of Record). The case agent in the cases before this Court was a witness at the Defendant's trial in state court.

5. The Introductory Commentary to Part D - Multiple Counts of the Federal Sentencing Guidelines clearly establish that one continuous scheme of conduct should be, for sentencing, treated as one conduct for sentencing. "Some offenses that may be charged in multiple-count indictments are so closely intertwined with other offenses that conviction for them ordinarily would not warrant increasing the guideline range. ... In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines."

6. The commentary to §5G1.3(b) states:

> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. *Example*: The defendant is convicted of a

---

[2]She at first received a "split sentence" of three years to serve and the balance suspended. She then was allowed to serve her sentence in community corrections on August 25, 2005. On January 6, 2006, due to a disciplinary, her 20 year sentence was placed totally into effect.

federal offense charging the sale of 30 grams of cocaine. Under §1B1.3 (Relevant Conduct), the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 10-16 months (Chapter Two offense level of 14 for sale of 45 grams of cocaine; 2-level reduction for acceptance of responsibility; final offense level of 12; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result. For clarity, the court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under §5G1.3(b) with six months served in state custody that will not be credited to the federal sentence under 18 U.S.C. §3585(b).

7. By her federal sentencing day on October 6, 2006, the Defendant will have served on her state sentence two (2) years, nine (9) months and twelve (12) days. She has a release date from her state sentence of June 22, 2024, per the Alabama Department of Corrections; and a parole consideration in February, 2011, per the Alabama Department of Pardons and Paroles. From her federal sentencing date of October 6, 2006, she will have 50 months to serve until her Alabama parole **consideration** date, unless an earlier date is set. She will have over seventeen (17) to serve to her end of sentence date, although it is highly unlikely she would serve all of that time.

8. The Federal Sentencing Guidelines also have relevant commentary for §5G1.3( c). (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The commentary states:

-3-

> In circumstances not covered under subsection (a) or (b), subsection ( c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a) and be cognizant of:
> 
> > (a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> > 
> > (b) the time served on the undischarged sentence and the time likely to be served before release;
> > 
> > ( c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> > 
> > (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

9. In this case, the Defendant is before the Court for what is a series of intertwined forged check cases to include the case for which she has already received and is serving state time. The appropriate sentencing judgment should, pursuant to §5G1.3 take such into consideration.

PREMISE considered, this Court is requested to order the sentence imposed in the instant case **CONCURRENT** with Montgomery County Circuit Court Case Number CC-2003-1452, **and** to recognize in imposing the appropriate sentence that she will have already served 27 months by the sentencing date on October 6, 2006.

Respectfully submitted this the 14th day of September, 2006.

S/Sydney Albert Smith

_____

Sydney Albert (Al) Smith   SMI098
Attorney at Law
P. O. Drawer 389
Elba, Al 36323
Phone:      334-897-3658
Fax:        334-897-8633
email:      sydneyalbertsmith@charter.net

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kent B. Brunson<br>
Assistant U. S. Attorney<br>
P. O. Box 197<br>
Montgomery, AL 36101-0197

                                                                     S/Sydney Albert Smith     08/14/2006

                                                                     Of Counsel                          Date